[No. 384.    August 6, 1896.]

TERRITORY OF NEW MEXICO, APPELLEE, v. PATRICK CARMODY, APPELLANT.

JURY, PETIT, IMPANELING OF, WHEN EXHAUSTED BY CHALLENGES—CON-
STRUCTION OF STATUTES.—Section 5 of the Act of February 18, 1887,
in relation to the selection of jurors, applies only to vacancies in the
regular panel, and when a sufficient number of petit jurors can not be
obtained from the regular panel for the trial of a particular cause. the
panel must be completed by summoning by-standers or by an open
venire addressed to the sheriff, as required by Compiled Laws, sections
634, 635, 638; the court can not direct the filling of the jury from a
special list returned by the commissioners, by its direction, to be
drawn from in such case.

APPEAL, from a judgment of the Fifth Judicial District Court, Socorro County, convicting defendant, with others, of murder in first degree. Reversed; SMITH, C. J., and LAUGHLIN, J., dissenting.

The facts are stated in the opinion of the court.

HENRY L. WARREN and NEILL B. FIELD for appellant.

Where jurors on the voir dire state that they have formed opinions, which it would require evidence to remove, it is sufficient ground for challenge, although formed from rumor or newspaper statements, in the absence of statute.    1 Chitty, Crim. Law, 542; 2 Hawk.

P. C. Chy. 43, sec. 28; People v. Rathbun, 21 Wend.
509; Willis v. State, 12 Ga. 444; Sprouce v. Com., 2
Va. Cas. 375; Hillard on New Trials [2 Ed.], 175;
People v. Cattle, 6 Cal. 227; Smith v. Eames, 36 Am.
Dec. 515; Armestaed v. Com., 37 Id. 633; State v.
Johnson, 1 Wall. 392; State v. Plowen, Id. 38;
People v. Johnson, 46 Cal. 78; Oslander v. Com., 3
Leigh (Va.), 780; Neely v. People, 13 Ill. 687; People
v. Keefer, 97 Mich. 15, 56 N. W. Rep. 105; Clark's
Crim. Prac. 446, and citations; 1 Bish. Crim. Prac.,
secs. 908, 910; 1 Thomp. on Trs., secs. 80, 115.

The fact that a juror's mother and the mother of
the wife of one of the jurors were sisters, was not suf-
ficient for challenge.    1 Chitty, Crim. Law, 541.

In capital cases, at least, jurors must be selected as
required by the statutes in force.    U. S. v. Rose, 6
Fed. Rep. 36; Clinton v. Englebrecht, 3 Wall. 434;
Lovejoy v. U. S., 128 U. S. 7; Elkin v. State, 1 Tex.
App. 539; Clawson v. U. S., 114 U. S. 78; Shackle-
ford v. State, 2 Tex. App. 385; State v. Clark, 42 Vt.
629; Reid v. State, 50 Ga. 556; Lamb v. State, 36
Wis. 424; State v. McAfee, 64 N. C. 339; Morgan v.
State, 31 Ind. 93; Gardner v. Turner, 9 Johns. (N. Y.)
260.    See, also, as to construction of statutes, Endlich
on Inter. Stats., sec. 710; Suth. Stat. Const., secs. 152,
451.    And as to list of regular panel to be served on
defendants in criminal cases:    Comp. Laws, sec. 2489;
Territory v. Ryan, 1 N. M. 640; Territory v. Kelly, 2
Id. 292; State v. Buckner, 25 Mo. 167; 1 Bish. Crim.
Prac., sec. 32; 1 Thomp. on Trs., sec. 17.

The court erred in refusing to allow defendants any
peremptory challenge in addition to the twelve exercised
by the defendant Carmody.    1 Bish. Crim. Proc., secs.
921, 941, 1031; Clark's Crim. Prac. 449; 1 Thomp. on
Trs. 115.    See, also, Bish. Crim. Proc., secs. 942,
1028–1030; Bisbe v. State, 6 Ohio, 86; Brister v. State,
26 Ala. 107; Maton v. People, 15 Ill. 536; Washington

v. State, 17 Wis. 147; U. S. v. Merchant, 12 Wheat. 480.

By Act January 7, 1876 (Comp. Laws, sec. 1823), the common law was introduced into this territory, if not previously imposed by the organic act, together with such British statutes as were in force on July 4, 1776. Browning v. Browning, 3 N. M. 659.

JOHN P. VICTORY, solicitor general, for the territory.

The control of challenges, and of all the proceedings by which a jury is finally selected, is committed to a wide discretion of the court, and its decision as to the indifference of a juror is final and can not be reviewed, unless gross partiality is shown. State v. Green, 95 N. C. 611; Patterson v. State, 48 N. J. L. 381; Rowell v. R. R., 58 N. H. 514; State v. Knight, 4 Me. 11; State v. Pike, 6 Am. Rep. 533; Reynolds v. U. S. 246; Clawson v. U. S., 477, 488.

The court properly allowed the challenge, for cause, of the juror Baca, the examination on the voir dire showing a relationship existing between his mother and the mother of the wife of defendant. State v. Walton, 74 Mo. 270; Wireback v. Bank, 97 Pa. St. 543. See, also, secs. 974, 976, Comp. Laws; Moody v. Griffin, 65 Ga. 304; Thomp. on Trs., sec. 130.

If the peremptory challenges of the challenger were not exhausted, he can not complain. U. S. v. Neverson, 1 Mack. (D. C.) 152; State v. Hoyt, 47 Conn. 518; Sullings v. Shakespeare, 46 Mich. 408; Minech v. State, 8 Colo. 440; State v. Lawler, 28 Minn. 216; Wilson v. People, 94 Ill. 299; Powers v. State, 23 Tex. App. 42.

"A challenge to the array must be in writing." Thomp. on Trs., sec. 98; Ryder v. People, 38 Mich. 269; Suttle v. Baker, 1 Iowa, 141.

Statutes regulating the selection and summoning

of jurors are directory, not mandatory. Thomp. on Trs., secs. 15, 34; Forsythe v. State, 6 Ohio, 20; Colt v. Eves, 12 Conn. 243; State v. Knight, 58 Mo. 556; Crowe v. Dygert, 4 Wend. 675; State v. Pitts, 58 Mo. 556.

A literal compliance with the statute under which jurors are selected is not necessary to the validity of the panel. Maples v. Boyle, 69 Ill. 523; White v. State, 20 Ga. 64; 35 N. Y. 125; 31 How. Pr. 140; 26 La. Ann. 579; 28 Id. 630; 72 Ill. 468.

Challenges to the array, at common law, might be tried, either by the court itself or by such officers or persons as it might appoint, while in this territory they are tried, like all other challenges, by the court; and in such cases the court is always invested with a large discretion. Com. v. Walsh, 124 Mass. 35; State v. Hoyt, 47 Conn. 578; State v. Linde, 54 Iowa, 139; Stephens v. People, 38 Mich. 139; State v. Green, 95 N. C. 611; Zell v. Com., 94 Pa. St. 258; Stayner v. State, 9 Tex. App. 440. See, also, as to selection of talesmen, Thomp. on Trs., sec. 26; Bac. Ab. "Juries," 337; 13 Blatch. 267; 32 La. Ann. 999; 47 Conn. 121; 3 Hawk. (N. C.) 175.

Whether a proper emergency arose for selecting additional jurors was for the court to determine according to the nature and amount of business pending before it. Territory v. Doty, 1 Pinn. (Wis.) 396; Suttle v. Batie, 1 Iowa, 141; Hunt v. Scobre, 6 B. Mon. (Ky.) 469, and they are not summoned for a particular case, but for the business of the court generally. Thomp. on Trs., sec. 26; Bird v. State, 14 Ga. 43; State v. Dale, 8 Ore. 229; U. S. v. Loughberry, 13 Blatch. 267; O'Connor v. State, 9 Fla. 215; 48 Mo. 436; 8 Hun. 477; 1 Pick. 42; 8 Mo. 436.

COLLIER, J.—In the bill of exceptions, made a part of the record in this case, appears the following, occur-

ring on the eighth day of the term of court, at which the trial was had: "Samuel Young was challenged peremptorily by defendants. At this time the regular panel of jurors was exhausted, and there were but eleven jurors in the box. The commission appointed at this term to select the jurors to fill the vacancies in the jury selected by the commission at the last term, for this term, were directed to, and did, select eighteen persons in addition to those necessary for filling the vacancies existing at the time of their appointment. The court now orders the clerk to open the envelope containing the list of eighteen persons selected by the commission, appointed on the first day of this term, and a special venire for the jurors so selected was ordered and issued. To this the defendants objected, which objection was overruled by the court, and to the action of the court in overruling the objection, the defendants, by their counsel, then and there excepted and still except. The sheriff returned the said last mentioned special venire, executed by summoning, as jurors, the eighteen persons named in said venire, the same being the same eighteen persons named in the said list selected by the jury commission on the first day of this November, 1887, term of this court, in addition to the list then selected by them to fill vacancies existing in the petit jury summoned for the November, 1887, term of the court."

The record also shows that, as each of the persons named in said special venire was called and sworn, "defendants objected to his serving as a juror on the ground that he was not summoned in accordance with the requirements of law, and challenged him for cause on that ground, which challenge the court refused to allow," to which defendants "then and there excepted and still except."

By the time nine of these additional persons were called (one of whom was excused by the court for

other reasons and one upon peremptory challenge by the defendants) the court held that the defend-

<span style="float:left">IMPANELING of petit jury when exhausted by challenges: construction of statutes.</span>

ants' challenges were exhausted. The remaining seven were challenged collectively for the reasons alleged against each individually, and the challenge being overruled, the trial proceeded with said seven constituting a portion of the jury, which found the defendant guilty of murder in the first degree. The motion for a new trial being made and overruled, the defendant, Patrick Carmody, seeks a reversal and a new trial, because, among other errors of the issuance of said special venire and the overruling of his challenges, as above set forth.

In considering these grounds it became necessary to refer at some length to the jury law as it existed at the time of the trial, which occurred at the November, 1887, term of the district court of Socorro county; the reason for this case not being sooner disposed of being that pending appeal defendants broke jail and escaped, the appellant, Patrick Carmody, having been only recently captured and his appeal being now the only one considered, as the other defendants are still at large.

By an act entitled, "An act to amend the law in relation to the selection of jurors," approved February 18, 1887, the judge of the district court was required to appoint at each regular term of court "a commission to select the grand and petit jury, whose duty it shall be to serve at the next regular term of said court in such county." Session Laws of 1887, p. 198, sec. 1.

By section 5 of the same act it is provided, "when there shall be any vacancies in either the grand or petit juries of the district court of any of the counties, talesmen shall be selected from the body of the county for the district court held in any county by four persons appointed by the court   *   *   *   to fill such vacancy or vacancies."

Section 5 is an amendment to section 587 of the Compiled Laws which provided that when any such vacancies occurred they should be filled in both juries by summoning talesmen in the same manner as in case where no commission is appointed to select jurors, the law as it stood prior to 1887 provided for a commission to select at one term for the next, and being amended by section 1 of said act only by creating the commission in a different manner.

There is no other provision now, nor was there prior to 1887, for the selection of a grand jury, but as to petit juries we find the following provisions of the Compiled Laws:

"Section 634. When, by reason of challenge or otherwise, a sufficient number of jurors duly drawn and summoned can not be obtained for the trial of any cause, civil or criminal, the court shall cause jurors to be returned from the by-standers or from the county at large to complete the panel.

"Sec. 635. The jurors so returned from the by-standers shall be returned by the sheriff or his deputy, or by any disinterested person appointed therefor by the court.

"Sec. 638. If a sufficient number can not be obtained from the box to form a jury, the court may, as often as is necessary, order the sheriff to summon so many qualified to serve as jurors as it deems sufficient to form a jury; the jurors so summoned must be called from a list returned by the sheriff, and so many of them not excused or discharged as may be necessary to complete the jury must be impaneled and sworn."

It appears, therefore, from the record, that the court finding "vacancies in the jury selected by the commission at the last term" by virtue of section 5 of the Act of 1887 appointed a commission to fill those vacancies, "for this term." Thus far there can be no question of the court being fully within the law. The

record then recites that this commission were directed to, and did, select eighteen persons in addition to those necessary for filling the vacancies existing at the time of their appointment. Let us concede for a moment that so far as this selection goes there is no violation of the law, but then what does it amount to after the vacancies on the jury selected by the commission at the prior term had been filled? For instance, if there were four vacancies on such juries, it could not be contended that the commission, with a view to guard against disqualifications and to provide for excuses, could not select and cause to be summoned a greater number than four. But if more than four were obtained from the number what became of the excess? It is plain that they would be excused by the court because of the regular panel they were summoned for being already full, and not being summoned for any particular case they could occupy no legal relation to the court.

In this case, however, the presiding judge did not retain for duty any excess of jurors summoned to fill vacancies on the regular panel, but he attempted to vest in a commission, authorized by statute to fill vacancies on a regular panel, the power to select names, which the court may place on a special venire as an emergency may present itself. The emergency first presenting itself was an insufficiency in the regular panel for the trial of the particular case of appellant. That emergency might have arisen by vacancies occurring in the regular panel, and if it had, it could with some force be urged, that such a contingency might have been provided against in this manner; but how can it be said, however, that such a commission, whose duty is by statute confined to the filling of vacancies on a panel, can select jurors to try a particular case, when another statute provided that the sheriff should do that by means of an open venire?

If this statute for an open venire had not ever

existed, it would be held, in accordance with the decision in Clawson v. The United States, 114 U. S., that the power of the commission having been exhausted in filling the regular panel, resort would be had to an open venire as at common law. See, also, Brotherton v. State, 17 S. W. Rep. 932. A fortiori is this true with the statute of the territory then in force explicitly requiring an open venire. Secs. 634, 635 and 638, Compiled Laws of N. M.

In McGann v. Hamilton, 19 Atlantic, 376, it was held that where a statute provides the manner of selecting a jury, all other ways are impliedly prohibited. In Virginia in the cases of Jones v. Com., 12 S. E. Rep. 226, and Vawter v. Com., Ibid. 339, a motion in arrest of judgment was sustained, where a list of persons was furnished by the judge, notwithstanding the statutory provision that "no irregularity in any venire facias, or in the drawing, summoning, returning, or impaneling of jurors, unless the party making the objection was injured by the irregularity, or unless the objection was made before the swearing of the jury," it being ruled that there being no venire at all this provision had no application and though there was the semblance of a writ directed to a particular person, it was not an open venire and in effect no venire at all. These cases are exactly in point and this special venire being on its face contrary to law, was in no sense a venire to bring jurors into court, to serve in a particular case.

We hold, therefore, that the jury trying said cause was illegally constituted as to the seven who were brought into court by the alleged special venire, and that the only legal method of completing the panel for the trial of said cause was by summoning by-standers or by an open venire addressed to the sheriff of the county of Socorro, as provided by sections 634, 635 and 638 of the Compiled Laws of New Mexico; that the verdict rendered in said cause should be set aside, and

a new trial awarded, without considering the other assignments of error pressed upon our attention, and it will be therefore so ordered.

HAMILTON and BANTZ, JJ., concur. SMITH, C. J., and LAUGHLIN, J., dissent.